UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RACHELLE GUILLORY (#484177)

VERSUS                                               CIVIL ACTION

SGT. JERSEY LEWIS                                    NUMBER 06-582-JVP-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 17, 2007.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RACHELLE GUILLORY (#484177)

VERSUS                                         CIVIL ACTION

SGT JERSEY LEWIS                               NUMBER 06-582-JVP-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. Record document number 8. The motion is opposed.[1]

Plaintiff Rachelle Guillory, an inmate confined at Louisiana Correctional Institute for Women, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Jersey Lewis. Plaintiff alleged that on August 12, 2005, she sustained serious chemical burns after being forced to spread lime without the appropriate protective equipment in violation of her constitutional rights.

### Applicable Law

Defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

---

[1] Record document numbers 24.

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In order to overcome a motion to dismiss filed under Rule 12(b)(6), Fed.R.Civ.P., a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). Plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The primary issue at this stage of the proceedings is not

2

whether the plaintiff will ultimately prevail, but, whether the substantive nature of the allegations raised in the complaint are such that the plaintiff "is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Defendant argued that he is entitled to qualified immunity because his conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.  A state official sued in his individual capacity for damages may assert a qualified immunity defense.  *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978).  This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).

In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).  If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendants could have reasonably thought their actions were consistent with the rights they are alleged to have violated.  *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).  The protections afforded by the qualified immunity defense turn on the

"objective legal reasonableness" of the defendants' conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendants' conduct, but rather when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendants' conduct actually violates a plaintiff's constitutional right, the defendants are entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

### Analysis

Plaintiff alleged that on August 12, 2005, she was required to spread lime around tree trunks and was provided a raincoat and

4

latex rubber gloves to wear while working.  Plaintiff alleged that she complained that the gloves and raincoat did not fit properly.  Plaintiff alleged that Sgt. Lewis told her that she would have to "deal with it" because she was a prisoner and refused to retrieve proper gear from a nearby warehouse.  Plaintiff alleged that she sustained serious chemical burns over her body.

These allegations are sufficient to state an Eighth Amendment deliberate indifference claim upon which relief can be granted against Sgt. Lewis.[2]  Accepting the allegations as true, the defendant was informed, and thus had knowledge, of the defects in the equipment provided to the plaintiff's.  At the time of the alleged incident, a reasonable corrections officer would have known that requiring a prisoner to spread lime without appropriate protective equipment was not objectively reasonable.

Plaintiff's failure to provide more specific details in her petition concerning the defects in her equipment, her injuries, and the alternative equipment available at the time does not render her allegations conclusory.  Such details are unnecessary to defeat a Rule 12(b)(6) motion and would be more properly addressed in a motion for summary judgment.

Defendant also moved to dismiss the plaintiff's claims against him in his official capacity and any claims for punitive damages.

---

[2] *See, e.g.*, *Landrum v. McKinney*, 187 Fed.Appx. 344 (5th Cir. 2006).

5

Plaintiff did not contest these aspects of the defendant's motion.[3]

## Recommendation

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted with respect to the plaintiff's claims against the defendant in his official capacity and for punitive damages claims.  It is further recommended that in all other respects the defendant's motion be denied.

Baton Rouge, Louisiana, September 17, 2007.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] Record document number 24, p. 1.