UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RACHELLE GUILLORY (#484177)

VERSUS                                  CIVIL ACTION

SGT. JERSEY LEWIS                       NUMBER 06-582-JVP-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 17, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RACHELLE GUILLORY (#484177)

VERSUS                                    CIVIL ACTION

SGT. JERSEY LEWIS                         NUMBER 06-582-JVP-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the defendant's Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies.  Record document number 10.  The motion is opposed.[1]

Plaintiff Rachelle Guillory, an inmate confined at Louisiana Correctional Institute for Women, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Jersey Lewis. Plaintiff alleged that on August 12, 2005, she sustained serious chemical burns after being forced to spread lime without the appropriate protective equipment in violation of her constitutional rights.

Defendants moved for partial summary judgment relying upon a statement of undisputed facts and a copy of Administrative Remedy Procedure (hereafter, ARP) No. LCIW-05-389.[2]  Defendants argued that the plaintiff failed to exhaust available administrative

---

[1] Record document number 15.

[2] Record document number 11 and record document number 12, exhibit 1A, respectively.

remedies regarding her claims concerning verbal harassment, threats and failure to protect and insure her safety.

## Applicable Law

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Section 1997e of Title 42 of the United States Code provides in pertinent part the following:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e clearly requires a state prisoner to exhaust available administrative remedies *before* filing a § 1983 suit and precludes him from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). The 42 U.S.C. § 1997e(a) exhaustion requirement is "mandatory, 'irrespective of the forms of relief

2

sought and offered through administrative avenues.'" *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003), citing *Booth v. Churner*, 532 U.S. 731, 739, 741 n.6, 121 S.Ct. 1819 (2001).

## Analysis

Defendant argued that the plaintiff's claims against the defendant concerning the verbal harassment and/or threats and failure to protect and insure safety are new claims that have not been addressed in any administrative procedure. Plaintiff explained that she did not intend to make claims for verbal harassment/threats and did not oppose this aspect of the defendant's motion.

With respect to the plaintiff's claim for failure to protect and insure safety,[3] the plaintiff alleged in her petition that on August 12, 2005, she was required to spread lime around tree trunks and was provided a raincoat and latex rubber gloves to wear while working. Plaintiff alleged she complained to Sgt. Lewis that the gloves and raincoat did not fit properly. Plaintiff alleged that Sgt. Lewis told her that she would have to "deal with it" because she was a prisoner and refused to retrieve proper equipment from a nearby warehouse. Plaintiff alleged that she sustained serious chemical burns over her body.

---

[3] For purposes of this report, the court interprets the defendant's discussion of a failure to protect and insure safety claim to refer to the plaintiff's § 1983 deliberate indifference claim arising out of the failure to provide her with the proper protective equipment and medical treatment for her chemical burns.

A review of the ARP LCIW-05-389 shows that the plaintiff complained that she was not given proper equipment to spread lime around tree trunks and sustained chemical burns over her body as a result.  Thus, the summary judgment evidence supports a finding that the plaintiff exhausted the available administrative remedies with respect to her § 1983 claims arising out of this incident.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' motion for partial summary judgment be granted in part, dismissing any claims the plaintiff may have made for verbal harassment and threats for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  In all other respects the defendant's motion for partial summary judgment should be denied.

Baton Rouge, Louisiana, September 17, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE